THE CITY OF SPARKS, NEVADA, PETITIONER, v. RALPH BEST, DIRECTOR OF FINANCE OF THE CITY OF SPARKS, NEVADA, RESPONDENT.

No. 12193

January 31, 1980                                    605 P.2d 638

GUNDERSON, J., dissented.

*Raggio, Walker, Wooster, Clontz, and Lindell,* and *Russell W. McDonald,* Reno, for Petitioner.

*Steven P. Elliott,* City Attorney, Sparks, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

This original proceeding in mandamus involves the constitutionality of the tax increment provisions (NRS 279.674–279.680) of the Community Redevelopment Law (NRS 279.382–279.680) under the United States and Nevada Constitutions. The City of Sparks (petitioner), after establishing a redevelopment area in the City of Sparks pursuant to the above statutes, adopted an ordinance providing for the permissible method of financing the plan as specifically authorized by NRS 279.676.[1]

Respondent, who as Director of Finance for the City of Sparks is responsible for implementing the tax-increment

---

[1] 279.676 Allocation, division and disposition of tax moneys. Any redevelopment plan may contain a provision that taxes, if any, levied upon taxable property in the redevelopment project each year by or for the benefit of the state, any city, county, district or other public corporation, after the effective date of the ordinance approving the redevelopment plan, shall be divided as follows:

1. That portion of the taxes which would be produced by the rate upon which the tax is levied each year by or for each of such taxing agencies upon the total sum of the assessed value of the taxable property in the redevelopment project as shown upon the assessment roll used in connection with the taxation of such property by such taxing agency, last equalized prior to the effective date of such ordinance, shall be allocated to and when collected shall be paid into the funds of the respective taxing agencies as taxes by or for such taxing agencies on all other property are paid. . . .

2. That portion of such levied taxes each year in excess of such amount shall be allocated to and when collected shall be paid into a special fund of the redevelopment agency to pay the principal of and interest on loans, moneys advanced to, or indebtedness, whether funded, refunded, assumed, or otherwise, incurred by such redevelopment agency to finance or refinance, in whole or in part, such redevelopment project. Unless and until the total assessed valuation of the taxable property in a redevelopment project exceeds the total assessed value of the taxable property in such project as shown by the last equalized assessment roll referred to in subsection 1, all of the taxes levied and collected upon the taxable property in such redevelopment project shall be paid into the funds of the respective taxing agencies. When such loans, advances and indebtedness, if any, and interest thereon, have been paid, all moneys thereafter received from taxes upon the taxable property in such redevelopment project shall be paid into the funds of the respective taxing agencies as taxes on all other property are paid.

accounts, refuses to conform with said provision of the ordinance requiring him to create the two separate funds necessary to implement the financing of the redevelopment plan on the ground that the foregoing statutes are unconstitutional. Specifically, respondent contends that (1) NRS 279.410 contravenes the fourteenth amendment to the United States Constitution and Article 1, Section 8, of the Nevada Constitution by permitting a redevelopment area to include property which is not blighted; (2) the Community Redevelopment Law constitutes an unlawful delegation of legislative power violating Article 8, Section 8, of the Nevada Constitution; and (3) NRS 279.676 contravenes (a) Article 10, Section 1, of the Nevada Constitution requiring a uniform and equal rate of assessment and taxation; (b) Article 9, Section 4, of the Nevada Constitution forbidding the assumption by the State of Nevada of a debt of a city; (c) Article 8, Sections 9 and 10, of the Nevada Constitution forbidding certain loans of money by the State of Nevada or a city; and (d) Article 1, Section 10, of the United States Constitution and Article 1, Section 15, of the Nevada Constitution forbidding any state from passing a law impairing its obligation of contracts. We disagree.

1.   Respondent contends that the Community Redevelopment Law violates the rule of substantive due process by permitting a redevelopment area to include economically and aesthetically viable property.[2] However, this, of itself, does not create a substantive due process violation. In Urban Renewal Agcy. v. Iacometti, 79 Nev. 113, 122, 379 P.2d 466, 470 (1963), this court stated in discussing a similar contention concerning Nevada's Urban Renewal Law:

> Once it has been determined that the designation of a particular project area is valid, the court should not consider the taking or leaving of sound buildings within its periphery. As stated in Berman v. Parker, 348 U.S. 26, 35, 75 S.Ct. 98, 104, 99 L.Ed. 27, 39, "Property may of course be taken for this redevelopment which, standing by itself, is innocuous and unoffending."

The legitimate purpose of the Community Redevelopment Law is the elimination of blighted areas. Moreover, the inclusion of other non-blighted properties *"found necessary"* for its effective implementation, by statutory mandate, has a rational

---

[2]NRS 279.410(2) provides in relevant part:

A redevelopment area may include lands, buildings or improvements which are not detrimental to the public health, safety or welfare, but whose inclusion is found necessary for the effective redevelopment of the area of which they are a part.

relationship to this legitimate objective of the police power. *See* Berman v. Parker, 348 U.S. 26 (1954); In re Bunker Hill Urban Renewal Project 1B, 389 P.2d 538 (Cal. 1964), *appeal dismissed,* 379 U.S. 28 (1964), *cert. denied,* 379 U.S. 899 (1964). Moreover, the record of information presented to the city council contains substantial evidence upon which that body properly could find the project area in question to qualify under the Community Redevelopment Law and that its approval of the proposed plan was not arbitrary and capricious and did not constitute an abuse of discretion. *See* Urban Renewal Agcy. v. Iacometti, *supra.* Accordingly, neither NRS 279.410 nor the proposed redevelopment plan before this court violate the fourteenth amendment to the United States Constitution or Article 1, Section 8, of the Nevada Constitution.

2. Respondent further contends that the Community Redevelopment Law constitutes an unlawful delegation of legislative power in violation of Article 8, Section 8, of the Nevada Constitution.[3] Clearly the legislature has the power under the Constitution to delegate taxing authority to incorporated cities. However, the question posed here is not whether the legislature may grant the authority to tax, but whether the words "shall restrict" places a constitutional limit on the actions of the *legislature* concerning whether it may grant cities the authority to usurp the taxing authorities of other bodies. The respondent argues that a reasonable construction of said restriction is that a city's power of taxation and assessment (granted by the legislature) is limited insofar as the exercise of this power will affect other taxing entities. Therefore, since the Community Redevelopment Law authorizes a city to take a greater share of tax revenues than is otherwise permissible, thereby depriving revenue which other taxing authorities would normally be entitled to, such a grant of authority by the legislature amounts to a violation of said constitutional restriction.

However, the constitutional debates on this subject reveal that the aforementioned interpretation espoused by the respondent of the word "restrict" in Article 8, Section 8 is untenable. *See* A. Marsh, Nevada Constitutional Debates and Proceedings 165 (1864). Furthermore, the fact that a community redevelopment agency is created does not amount to an

---

[3]Article 8, Section 8, of the Nevada Constitution provides in part: "The legislature shall provide for the organization of cities and towns by general laws and shall restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit . . ."

unconstitutional delegation of legislative powers, since an uncontrolled discretionary power is not invested in this administrative agency. *See* Richards v. City of Muscatine, 237 N.W.2d 48 (Iowa 1975); *Cf.* In re Bunker Hill Urban Renewal Project 1B, *supra.*

3. Respondent's other contentions lack relevant authority, and therefore need not be considered. Plankinton v. Nye County, 95 Nev. 12, 588 P.2d 1025 (1979); Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976). Moreover, we find the contentions without merit. *See* Richards v. City of Muscatine, *supra; see also* Tribe v. Salt Lake City Corporation, 540 P.2d 499 (Utah 1975).

Accordingly, we hold that the Community Redevelopment Law is a constitutional exercise of state power by the legislature, and a writ of mandamus shall immediately issue commanding the respondent to create the accounts required by Section 9 of Ordinance Number 1148 of the City of Sparks, Nevada.

MOWBRAY, C. J., and MANOUKIAN and Batjer, JJ., concur.

GUNDERSON, J., dissenting:

It is apparent that "the friendly litigation now before us has been concocted to obviate the danger that, at some later date, some interested party with interested counsel might persuade us that his constitutional rights were violated." *See* State ex rel. Brennan v. Bowman, 89 Nev. 330, 336–337, 512 P.2d 1321, 1324 (1973) (concurring opinion, Gunderson, J.). As the United States Supreme Court said in Muskrat v. United States, 219 U.S. 346 (1911):

> . . . The whole purpose . . . is to determine the constitutional validity of this class of legislation, in a suit not arising between parties concerning a property right necessarily involved in the decision in question, but in a proceeding against the Government in its sovereign capacity, and concerning which the only judgment required is to settle the doubtful character of the legislation in question. Such judgment will not conclude private parties, when actual litigation brings to the court the question of the constitutionality of such legislation.

*Id.,* at 361–362.

Accordingly, I adhere to the view that this court should discuss issues only when a bona fide case requires it, and not because attorneys may desire it.